[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15422
Non-Argument Calendar

_____

D. C. Docket No. 07-00151-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER MIGUEL BORJAS-ANDRADE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 25, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Roger Miguel Borjas-Andrade appeals his sentence of 87 months'

imprisonment for conspiracy to possess with intent to distribute, and possession with intent to distribute, at least five kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. §§ 70503, 70506.  Borjas-Andrade argues that the district court improperly increased his offense level for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

Under the Guidelines, if a defendant possesses a dangerous weapon in relation to a drug offense, his offense level is increased by 2 levels.  U.S.S.G. § 2D1.1(b)(1).  The commentary provides that the weapon enhancement should be applied if a weapon was present, unless it was clearly improbable that the weapon was connected to the offense, and gives an unloaded hunting rifle in a residential closet as an example of clear improbability.  *Id.* comt. n.3.

Here, the district court properly applied the § 2D1.1(b)(1) enhancement for the presence of dangerous weapons, because two weapons were available to protect the 4,200 pounds of cocaine onboard the subject vessel.  Accordingly, we affirm.

**AFFIRMED.**